IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES R. WESTRING,

                  Plaintiff,

v.

DONALD J. TRUMP and J.D. VANCE,

                  Defendants.

OPINION and ORDER

25-cv-109-jdp

---

    Plaintiff James R. Westring, proceeding without counsel, has filed a complaint asserting that President Donald J. Trump engaged in insurrection on January 6, 2021, that Trump and his running mate and now Vice President J.D. Vance "have given aid and comfort to the insurrectionists," and that they are therefore barred from holding their offices under the Fourteenth Amendment. Dkt. 1. Westring seeks their removal from office.

    Westring has paid the full filing fee for this case. Nonetheless, I have an obligation to ensure that jurisdiction is proper, *see Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). I conclude that jurisdiction is not proper because Westring does not have standing to bring his claim. I will dismiss the case.

    Under Article III of the United States Constitution, a party seeking to invoke federal court jurisdiction must present an actual case or controversy. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). To have standing to sue in federal court, a plaintiff must have suffered (1) an "injury in fact"; (2) that is fairly traceable to the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury must be "concrete and particularized," meaning that it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1.

Courts have repeatedly rejected claims seeking to challenge the eligibility of presidents or presidential candidates on the ground that the injury asserted in not particularized; the injury is the same for each member of the public. *See, e.g., Clark v. Weber*, 699 F. Supp. 3d 879, 882 (C.D. Cal. 2023) (challenge to presidential-candidate Trump's eligibility); *Taitz v. Obama*, 707 F. Supp. 2d 1, 3–4 (D.D.C. 2010) ("'a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" (quoting *Lujan*, 504 U.S. at 573–74)). I will dismiss this case for lack of standing.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered March 19, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge